No competent evidence was offered in the cause as to the proper measure of damages. While the evidence of Hartman was that onions were worth fifty cents a bushel, the evidence in the record does not show how many bushels there were in this lot of onions, and it would, therefore, be impossible to arrive at the amount of the judgment which was rendered in this case. The evidence of Peters was that they were worth fifty cents a sack and that there were about 500 sacks. There was no evidence as to the kind, quality or condition of the onions. It does not appear that either of the witnesses knew the condition or quality of the property.

The judgment is reversed.

*Reversed and remanded.*

---

**Abraham Madenberg, Defendant in Error, v. Solomon Ritman and L. Feldman, Plaintiffs in Error.**

**Gen. No. 20,070.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. HARRY M. FISHER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 22, 1914.

### Statement of the Case.

Action by Abraham Madenberg against Solomon Ritman and L. Feldman, a partnership, for forty-five dollars claimed to be a balance due on account of wages. A judgment being rendered in favor of the plaintiff, defendants brought error.

SAMUEL MICON, for plaintiffs in error.

VICTOR L. HUSZAGH, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 968*—*when record is insufficient.* On appeal from a judgment for a balance due on account of wages, the statement of facts is insufficient when it does not show all the evidence before the trial court, the record showing evidence of a book of entries which are not contained in the statement of facts.

2. APPEAL AND ERROR, § 1772*—*when judgment will be reversed.* A judgment of the trial court will not be reversed, unless it is contrary to the law and the evidence, or unless the judgment resulted from errors in the trial court directly affecting matters in issue between the parties.

---

**Charles H. Brown Paint Company, Defendant in Error, v. C. A. Erickson & Brothers, Plaintiff in Error.**

### Gen. No. 20,112.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 22, 1914. Rehearing denied January 5, 1915.

## Statement of the Case.

Action for merchandise sold and delivered by Charles H. Brown Paint Company, a corporation, against C. A. Erickson & Brothers, a corporation. The affidavit of plaintiff showed a claim for $50.45, and defendant's affidavit of merits stated that the claim was paid except a balance of $7.95, and that some of the material delivered was unfit for use, whereby the defendant sustained damages. From a judgment for the plaintiff, defendant brought error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.